IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

RAMON REYES,
        Petitioner,

v.                                                       Civil Action No.: 3:18-CV-139
                                                       (GROH)

FREDERICK ENTZEL,
        Respondent.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On August 31, 2018, Petitioner Ramon Reyes, an inmate incarcerated at Hazelton FCI, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241, regarding what he characterized as a failure by the Bureau of Prisons to follow its policies regarding his medical care, which failure he characterized as a jail or prison condition. ECF No. 1 at 1, 5.[1] On September 17, 2018, this Court entered an "Order to Show Cause" directing Respondent to file answer, motion or other responsive pleading. ECF No. 6. On October 12, 2018, Respondent filed a Motion to Dismiss, or in the Alternative, for Summary Judgment and a memorandum in support thereof. ECF Nos. 9, 10. On November 9, 2018, the Respondent filed a response in opposition to the motion to dismiss. ECF No. 13. The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be dismissed with prejudice.

---

[1] All ECF numbers cited herein are from the instant case, 3:18-CV-139, unless otherwise noted.

## II. FACTUAL AND PROCEDURAL HISTORY

### A. Conviction and Sentence[2]

On October 4, 2012, a sealed indictment issued in the Eastern District of Pennsylvania charged Petitioner in counts 1 through 8, 12 through 14, 17, 18, 20 and 21 with various felony offenses related to drug trafficking. ECF No. 29.

On November 18, 2014, Petitioner entered a guilty plea[3] to certain counts of the indictment. On September 27, 2016, Petitioner was sentenced to 240 months imprisonment for conspiracy to distribute cocaine, distribution of cocaine, possession with intent to distribute cocaine within one thousand feet of a school, felon in possession of a firearm, and possession of a firearm in furtherance of a drug trafficking offense. ECF No. 10-1 at 3 ¶ 5, 9 – 10. Following sealed entry of judgment on October 13, 2016, Petitioner filed a notice of appeal on October 19, 2016. ECF Nos. 373, 374.

The Third Circuit summarily affirmed Petitioner's conviction and sentence, in that Court's docket number 16-3935, on May 8, 2018. ECF No. 425. On August 8, 2018, Petitioner filed a motion to vacate, set aside or correct his sentence. ECF No. 426. That motion remains pending.

### B. Administrative Proceedings

Although Petitioner has filed eight administrative remedy requests since entering BOP custody on November 7, 2016, he has not filed any administrative grievance to

---

[2] The facts are taken from Petitioner's criminal conviction in the Eastern District of Pennsylvania, in case number 5:12-CR-566-2, available on PACER. Unless otherwise noted, the ECF entries in section II.A. refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

[3] Because a number of documents and orders in Petitioner's case were filed under seal [ECF Nos. 270 – 273, 303, 319, 344, 346, 364 – 373], it is not possible to determine the exact terms of the plea and sentencing.

specifically challenge his medical care level designation or to request a transfer to a federal medical center.  ECF No. 10-1 at 3 ¶ 6, 5 ¶ 9, 6 ¶ 13, 9.

C.     **Instant Proceedings Under 28 U.S.C. § 2241**

Petitioner filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, on August 31, 2018, wherein he requested that the court "order the BOP to properly classify [his] care level at level 4 and transfer [him] to a federal medical center without further delay." ECF No. 1 at 8.   In the memorandum in support of Respondent's motion to dismiss, Respondent argues: (1) that Plaintiff failed to exhaust his administrative remedies before filing the instant action; and (2) that Plaintiff's claim is not cognizable in a habeas corpus petition because his claim does not affect the fact or duration of his confinement.  ECF No. 10 at 4, 8.  In his reply, Petitioner (1) concedes that he failed to exhaust his administrative remedies, and requests that his failure to exhaust be excused, and (2) does not dispute that his claim does not affect the fact or duration of his confinement.  ECF No. 13.

### III.     STANDARD OF REVIEW

A.     **Review of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Cases in the U.S. District Courts.

**B.     Pro Se Litigants.**

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

**C.     Habeas Corpus Petitions Filed Pursuant to 28 U.S.C. § 2241**

A petition filed pursuant to § 2241 is the appropriate method for a prisoner to challenge the fact and length of his confinement, but generally not the conditions of that

---

[4] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

confinement. Preiser v. Rodriguez, 411 U.S. 475, 498 – 499 (1973). "[I]mmediate release or speedier release from [ ] confinement [is] the heart of habeas corpus." Id. at 498.

### D. Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible,

their complaint must be dismissed." Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

## IV. ANALYSIS

Petitioner asserts that he is entitled to the writ of habeas corpus on the theory that the BOP failed to follow its policies regarding the provision of medical care, including the determination of Petitioner's medical care level. ECF No. 1 at 5. For relief, Petitioner does not seek release from custody, to shorten his incarceration, or to restore any good time credit. Rather, Petitioner seeks to be transferred to a federal medical center and have his medical care level changed to level 4. ECF No. 1 at 9.

To the extent that Petitioner contends that the BOP's failure to classify his care level at level 4 or BOP's refusal to transfer him to a federal medical center violated his Constitutional rights, his argument fails because neither the fact nor the length of his confinement are contested. Because Petitioner seeks relief that does not affect the fact or duration of his confinement, his claim is inappropriate for consideration under § 2241. As stated by the Supreme Court:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983.[5]

Hill v. McDonough, 547 U.S. 573, 579 (2006) (internal citations omitted). The Supreme Court previously explained in a challenge by two prisoners that, "[b]ecause neither prisoner's claim would necessarily spell speedier release, neither lies at 'the core of habeas corpus' . . . [and] the prisoners' claims for *future* relief (which, if successful, will

---

[5] Actions filed under § 1983 are civil rights actions against state actors. In Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 399 (1971), the Supreme Court created a counterpart to §1983 so that individuals may bring suit against a federal actor for violating a right guaranteed by the Constitution or federal law.

not necessarily imply the invalidity of confinement or shorten its duration) are yet more distant from that core." Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (internal citations omitted).

Citing to several District Court decisions[6], Respondent's motion to dismiss and memorandum in support thereof, assert that "[i]t has long been established that claims of inadequate medical care and/or requests for a transfer are 'not cognizable as a habeas corpus claim because such transfer would not affect the fact or duration of his sentence.'" ECF No. 10 at 10.  This Court agrees with Respondent.

Pursuant to Republican Party of North Carolina v. Martin, supra, a motion to dismiss "tests the sufficiency of a complaint" but "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses."  In his petition, it is clear that Petitioner does not attack nor are his claims related in any way to, the execution of his sentence.  He does not challenge the validity of his confinement or seek speedier release from confinement.  Instead, he complains about the conditions of his confinement, i.e., his medical care level, and requested placement in a federal medical center.[7]  Accordingly, even when viewing all the evidence in the light most favorable to the nonmoving party, it appears that the Petitioner has failed to assert a claim for which relief can be granted under 28 U.S.C. § 2241, and his petition must be dismissed.

---

[6] Glowka v. Zeigler, 5;13-CV-15324, 2014 WL 37087 at *3 (S.D.W.Va. Jan. 6, 2014) (citing Cano v. Pettiford, 3:06-CV-1906, 2007 WL 2579971 (D.S.C. Sept. 4, 2007); Evans v. Federal Bureau of Prisons, 2006 WL 1515617, *1, n.1, (W.D.Va. May 26, 2006).

[7] To pursue the claims he raises herein, Petitioner must file a lawsuit governed by Bivens, and pay the appropriate filing fee.

## V. RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be DENIED and that the § 2241 proceeding be **DISMISSED WITH PREJUDICE**.

This Court also **RECOMMENDS** that Respondent's Motion to Dismiss, or in the Alternative, for Summary Judgment [ECF No. 9] be **GRANTED**, and that Petitioner's Motion for an Independent Expert Pursuant to Rule 706 [ECF No. 16] be **DENIED**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections. Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12. A copy of any objections shall also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the

parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:** February 5, 2019

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE